IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FELISE MAMEA and SIUILA MAMEA, | ) ) ) | CIVIL NO. 08-00563 LEK-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT; AND ORDER DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION FOR LACK OF SUBJECT MATTER JURISDICTION AND SETTING HEARING**

Before the Court are Defendant United States of America's ("Defendant") Motion for Relief from Judgment ("Stay Motion"), filed on March 8, 2011, and Defendant's Motion for Reconsideration for Lack of Subject Matter Jurisdiction ("Motion for Reconsideration"), filed on March 24, 2011. Plaintiffs Felise Mamea and Siuila Mamea (collectively "Plaintiffs") filed their memorandum in opposition to the Stay Motion on March 17, 2011 and their memorandum in opposition to the Motion for Reconsideration on April 21, 2011. Defendant filed its reply in support of the Stay Motion on April 5, 2011, and its reply in support of the Motion for Reconsideration on April 27, 2011. On May 4, 2011, this Court found these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for

the District of Hawai`i ("Local Rules").  [Dkt. no. 188.]  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Defendant's Stay Motion is HEREBY DENIED for the reasons set forth below, and Defendant's Motion for Reconsideration is HEREBY DENIED IN PART for the reasons set forth below.  The Court reserves ruling on the statute of repose issue and ORDERS the parties to appear at a hearing on that portion of the Motion for Reconsideration on **June 21, 2011 at 9:45 a.m.**

### BACKGROUND

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only repeat the history that is relevant to the instant motions.

This Court conducted a bench trial in this case from October 5 to 8, 2010, and October 12 to 15, 2010.  The Court issued its Decision on November 15, 2010, outlining its rulings in the case and ordering supplemental documentation regarding damages.  [Dkt. no. 164.]  After receiving the parties' supplemental filings, the Court issued its Findings of Fact and Conclusions of Law and Order ("FOF/COL") on February 18, 2011.  [Dkt. no. 175.]  The Clerk of Court entered the final judgment later that day.  [Dkt. no. 176.]

In the FOF/COL, this Court ruled in Plaintiffs' favor as to the majority of their claims and ordered that judgment be

entered in Plaintiffs' favor in the amount of **$7,378,872.57** to Plaintiff Siuila Mamea ("Mrs. Mamea") and **$150,000.00** to Plaintiff Felise Mamea.  [FOF/COL at 72.]  The Conclusion of the FOF/COL stated, in pertinent part:

> The Court ORDERS Defendant to pay these amounts to Plaintiffs, via Plaintiffs' counsel, by no later than sixty days after the entry of judgment in this case.  If there are any post-judgment motions, Defendant shall pay these amounts by no later than forty-five days after this Court has ruled on the post-judgment motions.  If there are any appeals from the judgment in this case, Defendant should move for a stay of the judgment pending the resolution of the appeal.

[Id. at 72-73.]

I. **Stay Motion**

In the Stay Motion, Defendant "seeks relief from the court's requirement that the United States should move for a stay of the judgment in the event an appeal is filed in this case." [Stay Motion at 1.]  Defendant argues that this requirement is beyond this Court's authority and contrary to Fed. R. Civ. P. 62(a), which imposes an automatic stay of judgments pending appeal in all cases, unless the judgment involves injunctions, receiverships, or patent accountings.  Further, Defendant contends that the requirement violates 31 U.S.C. § 1304.

In their memorandum in opposition, Plaintiffs argue that Defendant has misinterpreted Rule 62(a) and that nothing in § 1304 prevents this Court from requiring Defendant to move for a

stay of judgment pending resolution of an appeal.

In its reply, Defendant argues that Plaintiff ignores clearly established case law that monetary judgments are stayed as a matter of right pending appeal. Defendant also notes that the automatic stay may be extended pursuant to Rule 62(b) pending the resolution of post-trial motions and that, pursuant to Rule 62(e), the United States is exempt from the requirement to post a bond when a court grants a stay on an appeal by the United States. As to § 1304, Defendant contends that, under the FOF/COL, if Defendant failed to comply with the requirement that it move for a stay pending appeal, Plaintiffs would be able to seek enforcement of a non-final judgment that is still on appeal and could try to compel Congress to appropriate funds to satisfy that judgment.

## II. **Motion for Reconsideration**

In the Motion for Reconsideration, Defendant argues that reconsideration of the FOF/COL is warranted because: Plaintiffs did not file their administrative claims within the two-year statute of limitations mandated by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b); and Mrs. Mamea failed to file a medical malpractice action prior to the expiration of the six-year statute of repose for medical torts set forth in Haw. Rev. Stat. § 657.7-3. Defendant therefore argues that this Court does not have subject matter jurisdiction over the instant

4

case.

In their memorandum in opposition to the Motion for Reconsideration, Plaintiffs first argue that the Court should not consider this motion because it is untimely pursuant to Fed. R. Civ. P. 59(e) and because Defendant waived the right to argue that § 657-7.3 applies. Even if Defendant did not waive its § 657-7.3 argument, Plaintiffs contend that § 657-7.3 is not a statute of repose and, even if it is a statute of repose, 28 U.S.C. § 2401 preempts it. Further, even if § 657-7.3 applies, Defendant's failure to disclose its negligence tolled the statute of repose.

In its reply, Defendant emphasizes that a lack of subject matter jurisdiction cannot be waived and the issue can be raised at any time. Defendant reiterates that § 657-7.3 is a statute of repose, and argues that it is not preempted by the FTCA. Defendant also contends that the tolling provision in § 657-7.3 does not apply because the Tripler Army Medical Center ("TAMC") did not know of any act, error, or omission that caused Mrs. Mamea's injury, and therefore there was no failure to disclose. Finally, Defendant reiterates that this Court erred in finding that Plaintiffs' claims accrued at the earliest, on May 16, 2006.

**DISCUSSION**

**I.**  **Stay Motion**

The Stay Motion seeks relief from judgment on the ground that this Court erred in requiring Defendant to move for a stay of the judgment pending any appeal. Fed. R. Civ. P. 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Defendant timely filed the Stay Motion within a reasonable period after the entry of judgment. See Fed. R. Civ. P. 60(c)(1).

Defendant asserts that the FOF/COL requires Defendant to move for a stay of the judgment pending any appeal. The FOF/COL, however, merely states that: "If there are any appeals from the judgment in this case, Defendant **should** move for a stay of the judgment pending the resolution of the appeal." [FOF/COL at 73 (emphasis added).] This sentence is clearly advisory and distinguishable from the sentences which precede and follow it. Those sentences explicitly state requirements that Defendant

6

"shall pay". [Id.] The FOF/COL does not require Defendant to move for a stay pending appeal.[1] The Court therefore DENIES Defendant's Stay Motion.

## II. Motion for Reconsideration

Defendant argues that the Court should reconsider the FOF/COL because this Court did not have subject matter jurisdiction over Plaintiffs' claims. Plaintiffs first argue that the Court should not consider the Motion for Reconsideration because it is untimely and because Defendant waived the § 657-7.3 argument by failing to raise the issue at any point previously in this case.

Both of Defendant's arguments in the Motion for Reconsideration - that Plaintiffs failed to bring their administrative claims within the FTCA's statute of limitations and that Mrs. Mamea failed to file a medical malpractice suit within period mandated by the state statute of repose - attack this Court's subject matter jurisdiction over the instant case. Subject matter jurisdiction cannot be waived, and therefore the

---

[1] The Court remains of the opinion that it would be advisable for Defendant to move for a stay, particularly since Defendant is not required to post a bond, in order to avoid any potential disputes regarding the scope of the appeal and whether any portion if the judgment may be enforceable if certain aspects of this Court's decision are not before the Ninth Circuit on appeal. Cf. JJCO, Inc. v. Isuzu Motors Am., Inc., Civil No. 08-00419 SOM-LK, 2011 WL 1135095 (D. Hawai`i Mar. 24, 2011); Brown v. Chinen, Civil No. 07-00556 ACK-LEK, 2011 WL 809062 (D. Hawai`i Feb. 28, 2011).

7

lack of subject matter jurisdiction can be raised at any time.
See, e.g., Embassy of the Arab Republic of Egypt v. Lasheen, 603
F.3d 1166, 1171 n.3 (9th Cir. 2010) (citing Am. Fire & Cas. Co.
v. Finn, 341 U.S. 6, 18 n.17, 71 S. Ct. 534, 95 L. Ed. 702
(1951)). The Court now turns to the merits of Defendant's Motion
for Reconsideration.

Local Rule 60.1 states, in pertinent part: "Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable." Defendant seeks reconsideration of the FOF/COL pursuant to Fed. R. Civ. P. 60(b)(6). [Reply in Supp. of Motion for Recon. at 5 (arguing that the Motion for Reconsideration was timely because "it was filed pursuant to Fed. R. Civ. P. 60(b)(6) and LR 60.1" (footnote omitted)).] In general, "[a] motion for reconsideration must '[f]irst . . . demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" In re O'Kelley, CV No. 10-00356 DAE-LEK, 2010 WL 4176540, at *4 (D. Hawai`i Oct. 19, 2010) (quoting White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (some alterations in O'Kelley)). In particular, "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the

motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

**A.   FTCA**

This Court extensively addressed Defendant's argument that Plaintiffs failed to file their administrative claim within the FTCA's statute of limitations period, both in the FOF/COL and in an Order Denying Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [filed 8/23/10 (dkt. no. 69)]. The instant Motion for Reconsideration merely disagrees with this Court's finding that Plaintiffs' administrative claim was timely. "Mere disagreement with a previous order is an insufficient basis for reconsideration." See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citation omitted). Defendant's Motion for Reconsideration is therefore DENIED as to the request to reconsider the Court's ruling regarding the timeliness of Plaintiffs' claims under the FTCA.

**B.   Haw. Rev. Stat. § 657-7.3**

Defendant also argues, for the first time in this case, that Plaintiffs' claims are barred because Mrs. Mamea failed to file her medical malpractice claims within the applicable statute of repose set forth in Haw. Rev. Stat. § 657-7.3. Section 657-7.3 states, in pertinent part:

> No action for injury or death against a . . .
> physician or surgeon duly licensed or registered
> under the laws of the State, or a licensed
> hospital as the employer of any such person, based
> upon such person's alleged professional
> negligence, or for rendering professional services
> without consent, or for error or omission in such
> person's practice, shall be brought more than two
> years after the plaintiff discovers, or through
> the use of reasonable diligence should have
> discovered, the injury, but in any event not more
> than six years after the date of the alleged act
> or omission causing the injury or death. **This
> six-year time limitation shall be tolled for any
> period during which the person has failed to
> disclose any act, error, or omission upon which
> the action is based and which is known to the
> person.**

(Emphasis added.) After having reviewed the parties' memoranda, the Court finds that this issue requires further consideration. The Court therefore RESERVES RULING on this portion of the Motion for Reconsideration and ORDERS the parties to appear at a hearing on this portion of the Motion for Reconsideration on **June 21, 2011 at 9:45 a.m.** The Court will issue questions which the parties should be prepared to address at the hearing.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Relief from Judgment, filed March 8, 2011, is HEREBY DENIED, and Defendant's Motion for Reconsideration for Lack of Subject Matter Jurisdiction, filed March 24, 2011, is HEREBY DENIED IN PART. The Motion for Reconsideration is DENIED as to the request to reconsider the Court's ruling regarding the timeliness of

Plaintiffs' claims under the Federal Torts Claims Act. The Court RESERVES RULING on the portion of the Motion for Reconsideration addressing Defendant's Haw. Rev. Stat. § 657-7.3 argument and ORDERS the parties to appear at a hearing on that portion of the Motion for Reconsideration on **June 21, 2011 at 9:45 a.m.**

IT IS SO ORDERED.

DATE AT HONOLULU, HAWAII, May 31, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FELISE MAMEA, ET AL. V. UNITED STATES OF AMERICA; CIVIL NO. 08-00563 LEK; ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT; AND ORDER DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION FOR LACK OF SUBJECT MATTER JURISDICTION AND SETTING HEARING**