IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FELISE MAMEA and SIUILA          )     CIVIL NO. 08-00563 LEK-RLP
MAMEA,                           )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
          Defendant.             )
_____ )


**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
FOR LACK OF SUBJECT MATTER JURISDICTION**


          Before the Court is Defendant United States of

America's ("Defendant") Motion for Reconsideration for Lack of

Subject Matter Jurisdiction ("Motion"), filed on March 24, 2011.[1]

[Dkt. no. 181.]  Plaintiffs Felise Mamea and Siuila Mamea

(collectively "Plaintiffs") filed their memorandum in opposition

on April 21, 2011.  [Dkt. no. 186.]  Defendant filed its reply on

April 27, 2011.  [Dkt. no. 187.]  Plaintiffs filed a supplemental

memorandum on June 22, 2011, and Defendant filed its opposition

to the supplemental memorandum on July 6, 2011.  [Dkt. nos. 203,

204.]  On July 20, 2011 and July 25, 2011, pursuant to this

Court's order, Defendant filed declarations setting forth the

_____

          [1] Only the portion of the Motion addressing Haw. Rev. Stat.
§ 657-7.3 is currently before the Court.  On May 31, 2011, the
Court issued an order which, *inter alia*, denied the other
argument in the Motion.  2011 WL 2160492.

additional authority it intended to rely upon at the hearing on the Motion.  [Dkt. nos. 208, 210.]  Plaintiffs filed their declaration regarding additional authority on July 20, 2011. [Dkt. no. 209.]

This matter came on for hearing on July 25, 2011. Appearing on behalf of Defendant were Bridget Bailey Lipscomb, Esq., United States Department of Justice, and Assistant United States Attorney Harry Yee.  Appearing on behalf of Plaintiffs were Mark Kamitomo, Esq., Judith Ann Pavey, Esq., Mark Bennett, Esq., and Shyla Cockett, Esq.  After careful consideration of the Motion, the parties' supporting and opposing submissions, and the arguments of counsel, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

I.  **Relevant History**

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only repeat the history that is relevant to the instant Motion.

This action consists of allegations of medical negligence under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq. ("FTCA"), against Tripler Army Medical Center ("TAMC") in Honolulu, Hawai`i.  Plaintiffs allege that various physicians at TAMC failed to diagnose and treat Plaintiff Siuila Mamea ("Mrs. Mamea") in a timely and appropriate manner in 1997

2

and 1998.  Plaintiffs allege that the TAMC physicians' negligent acts and omissions caused Mrs. Mamea severe and permanent injuries, specifically end stage renal disease ("ESRD") and kidney failure, forcing her to undergo dialysis for the rest of her life unless she has a kidney transplant.  Plaintiffs also allege that, as a direct and proximate result of Defendant's conduct, Plaintiff Felise Mamea ("Mr. Mamea") suffered the loss of his wife's companionship and society.

This Court conducted a bench trial in this case from October 5 to 8, 2010, and October 12 to 15, 2010.  The Court issued its Decision on November 15, 2010, outlining its rulings in the case and ordering supplemental documentation regarding damages.  [Dkt. no. 164.]  After receiving the parties' supplemental filings, the Court issued its Findings of Fact and Conclusions of Law and Order ("FOF/COL") on February 18, 2011.  2011 WL 718806.  The Clerk of Court entered the final judgment later that day.  [Dkt. no. 176.]

In the FOF/COL, this Court ruled in Plaintiffs' favor as to the majority of their claims and ordered that judgment be entered in Plaintiffs' favor in the amount of $7,378,872.57 to Mrs. Mamea and $150,000.00 to Mr. Mamea.  FOF/COL, 2011 WL 718806 at *29.

## II.  <u>Motion and Related Memoranda</u>

In the instant Motion, Defendant argues that

3

reconsideration of the FOF/COL is warranted because Mrs. Mamea failed to file a medical malpractice action prior to the expiration of the six-year statute of repose for medical torts set forth in Haw. Rev. Stat. § 657.7-3.[2]  Defendant therefore argues that this Court does not have subject matter jurisdiction over the instant case.  The instant Motion was the first time that Defendant raised the statute of repose argument in this case.

In their memorandum in opposition, Plaintiffs first argue that the Court should not consider the Motion because it is untimely pursuant to Fed. R. Civ. P. 59(e) and because Defendant waived the right to argue that the six-year limitation period in § 657-7.3 applies.  Even if Defendant did not waive its § 657-7.3

---

[2] Section 657-7.3 states, in pertinent part:
No action for injury or death against a . . . physician or surgeon . . . duly licensed or registered under the laws of the State, or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, but in any event not more than six years after the date of the alleged act or omission causing the injury or death.  This six-year time limitation shall be tolled for any period during which the person has failed to disclose any act, error, or omission upon which the action is based and which is known to the person.

4

argument, Plaintiffs contend that the six-year limitation period in § 657-7.3 is not a statute of repose and, even if it is a statute of repose, 28 U.S.C. § 2401 preempts it.  Further, even if the six-year limitation period applies, Defendant's failure to disclose its negligence tolled the statute of repose.

In its reply, Defendant emphasizes that a lack of subject matter jurisdiction cannot be waived, and a court can address the issue at any time.  Defendant argues that § 657-7.3's statute of repose is not preempted by the FTCA.  Defendant also contends that the tolling provision in § 657-7.3 does not apply because TAMC did not know of any act, error, or omission that caused Mrs. Mamea's injury, and therefore there was no failure to disclose.

## III. **Supplemental Memoranda**

In their supplemental memorandum, Plaintiffs argue that this Court need not consider Defendant's § 657-7.3 argument at all.  First, under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances[.]"  28 U.S.C. § 2674.  Plaintiffs argue that § 657-7.3 only applies to certain licensed or registered healthcare professionals or to a "licensed hospital as the employer of any such person[.]"  Plaintiffs sued Defendant merely as the employer of the physicians who committed malpractice, not as a hospital that employed such persons.  Further, federal law

5

does not allow suits against government hospitals, see 28 U.S.C. § 2679(b)(1), and Defendant is not analogous to a hospital in this case.  Section 657-7.3 therefore does not apply.

Plaintiffs next contend that the Court need not consider § 657-7.3 because it is merely a state rule of substantive liability, not a limit on the federal courts' jurisdiction.  Defendant therefore waived the § 657-7.3 affirmative defense by failing to assert it in a timely manner. In fact, although Defendant affirmatively pled the FTCA's statute of limitations as a defense in its answer, it made no mention of § 657-7.3 and, in its other filings, Defendant consistently referred to the FTCA's statute of limitations as the applicable law for the determination of whether Plaintiffs' claims were time-barred.  Further, Plaintiffs assert that Defendant's failure to raise the § 657-7.3 defense in a timely manner was prejudicial to Plaintiffs.  Had they known at trial that § 657-7.3 tolling was at issue, they would have presented evidence and argument directly addressing it.

Even if the Court considers § 657-7.3, Plaintiffs note that there is no case in either the Hawai`i state appellate courts or the United States District Court for the District of Hawai`i describing § 657-7.3 as a statute of repose.  The cases consistently refer to the six-year limitation period within § 657-7.3 as a statute of limitations.  Further, § 657-7.3 cannot

6

be a statute of repose because it contains a tolling provision and, under both Hawai`i and Ninth Circuit law, statutes of repose cannot be tolled.  For example, Plaintiffs state that the only statute that the Hawai`i courts refer to as a statute of repose is Haw. Rev. Stat. § 657-8, which contains similar language to § 657-7.3 but does not contain a tolling provision.

Plaintiffs also argue that, even if § 657-7.3 is a statute of repose, the FTCA statute of limitations controls. Plaintiffs emphasize that Congress did not incorporate state statutes of repose and did not intend for a different statute of limitations period to apply in each state.  If the Court accepted Defendant's argument that the Court does not have subject matter jurisdiction over Plaintiffs' claim because Mrs. Mamea failed to file her action within the statute of repose period, it would mean that each state could determine the scope of the federal courts' jurisdiction over FTCA claims.  Under Defendant's proposed analysis, a plaintiff's claim could be barred under a state's statute of repose, and the federal courts would not have jurisdiction over it, even if the plaintiff complied with the deadlines in the FTCA.  Plaintiffs argue that such a result would be contrary to Congress' intent in adopting a statute of limitations for the FTCA that preempts all state statutes of limitations.  Applying § 657-7.3's six-year limitation period to the FTCA would also frustrate Congress' intent because it would

lead to a harsher result than provided for under the FTCA.
Although Congress granted claimants two years from the accrual of
their claim to bring suit, application of § 657-7.3 could bar a
claim before the claim accrues.

Finally, Plaintiffs argue that, even if § 657-7.3 is a
statute of repose and the FTCA does not preempt it, Plaintiffs
still filed their claims prior to the expiration of the statute
of repose.  Plaintiffs contend that the tolling provision applies
because the TAMC physicians never informed her that the treatment
they administered to her, and their failure to implement a
treatment plan upon her discharge, injured her kidneys.
According to Plaintiffs, no one from TAMC or anyone else from the
government, told them that TAMC gave Mrs. Mamea nephrotoxic
substances - including Gentamicin and contrast, that those
substances harmed her kidneys, or that TAMC was not going to
implement a follow-up treatment plan, which was required under
the standard of care.  [Pltfs.' Suppl. Mem., Decl. of Siuila
Mamea at ¶¶ 3-6, 8-10, Decl. of Felise Mamea at ¶¶ 2(a)-(c), (e)-
(g).[3]]  In the alternative, Plaintiffs argue that Defendant's

---

[3] The Court notes that, in light of Defendant's failure to
raise the § 657-7.3 statute of repose issue earlier in this case,
the parties were not aware at the time of trial that they should
present evidence on the applicability of the tolling provision in
§ 657-7.3.  The Court therefore expressly authorized the parties
to submit post-trial declarations addressing only the issue of
whether the tolling provision of § 657-7.3 applies.  [Minute
Order, filed 6/8/11 (dkt. no. 194), at 2.]

tort is a continuing one, and therefore the six-year limitation period has not expired.  Defendant's negligent acts and omissions, in particular the failure to implement a follow-up plan for the ongoing treatment of Mrs. Mamea's condition, continued daily until Mrs. Mamea learned of her injuries.  Insofar as this Court has found that this occurred, at the earliest on May 16, 2006, the six-year limitation period was tolled until then, and Plaintiffs' claims were timely.

In its opposition to Plaintiffs' Supplemental Memorandum, Defendant argues that the Court must consider the applicability of the § 657-7.3 statute of repose.  Defendant contends that the statute applies, even if the TAMC physicians were not licensed in Hawai`i, because the United States must be held liable in the same manner as private individuals in like circumstances.  Moreover, many other courts have held that the United States is entitled to the benefits of tort reform laws even if it does not comply with state requirements, such as licensing.  Defendant reiterates its position that the expiration of a statute of repose deprives the federal courts of jurisdiction over the claim, and counsel cannot waive subject matter jurisdiction.

Defendant acknowledges that no Hawai`i case law expressly identifies § 657-7.3 as a statute of repose. Defendant, however, argues that <u>Yamaguchi v. Queen's Medical</u>

Center, 65 Haw. 84, 648 P.2d 689 (1982), effectively declared it
a statute of repose by stating that it absolutely bars a claim
six years from the date of the allegedly tortious act or
omission.  [Opp. to Pltfs.' Suppl. Mem. at 2 (some citations
omitted) (quoting Yamaguchi, 648 P.2d at 692-93; Blair v. Ing, 21
P.3d 452, 472 n.17 (Haw. 2001) (implicitly referencing § 657-7.3
as a statute of repose)).]  Defendant also argues that the
legislative history of § 657-7.3 indicates that it is a statute
of repose because the legislative intent behind it was the same
as the intent behind other states' statutes of repose, to control
the costs of medical malpractice insurance by setting end dates
for the filing of medical malpractice actions.  Further, the
tolling provision in § 657-7.3 does not prevent it from being a
statute of repose because many other state statutes of repose for
medical malpractice actions also include a tolling provision.
[Id. at 6 (citing Robin Miller, Annotation, 14 A.L.R. 6th 301
n.12 (2006) (citing thirty-two states with statutes of repose;
list does not include New Mexico's and Oklahoma's statutes of
repose)).]  Defendant also argues that the Hawai`i courts refer
to statutes of repose and statutes of limitations
"interchangeably".  [Id. at 7 (citing Savini v. University of
Hawaii, 153 P.3d 1144, 1151 (Haw. 2007); State v. Timeteo, 952
P.2d 865, 879 (Haw. 1997) (Ramil, J., dissenting)).]

          Defendant argues that the FTCA does not preempt § 657-

10

7.3's statute of repose because the FTCA only preempts state statutes of limitations.  Finally, Defendant contends that the statute of repose was not tolled in this case because Plaintiffs cannot show that the TAMC physicians knew, at the time they treated Mrs. Mamea, and failed to disclose that they caused harm to her kidneys that would lead to kidney failure or ESRD.  The evidence at trial indicates that the TAMC physicians believed that they helped her and that she was "stone free" upon her final discharge in 1998.  Defendant acknowledges that the physicians knew that administering Gentamicin and contrast in connection with an intravenous pyelogram ("IVP") could have a nephrotoxic effect, but Defendant contends that those were the best treatments available under the circumstances, and the TAMC physicians administered them with care and monitored Mrs. Mamea's condition after the treatments.  Further, the alleged negligent treatment was not a continuing tort.  Defendant contends that, if the tolling provision applies here, it could be applied in virtually any case, rendering the statute of repose a nullity.

### STANDARD

Local Rule 60.1 states, in pertinent part: "Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable."  Defendant seeks reconsideration of the FOF/COL pursuant to Fed. R. Civ. P. 60(b)(6).  [Reply at 5 (arguing that the Motion was timely

because "it was filed pursuant to Fed. R. Civ. P. 60(b)(6) and LR 60.1" (footnote omitted)).]  In general, "[a] motion for reconsideration must '[f]irst . . . demonstrate some reason why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'"  In re O'Kelley, CV No. 10-00356 DAE-LEK, 2010 WL 4176540, at *4 (D. Hawai`i Oct. 19, 2010) (quoting White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (some alterations in O'Kelley)).  In particular, "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988).

**DISCUSSION**

**I.    Whether the Court Must Consider the § 657-7.3 Argument**

At the outset, Plaintiffs contend that the Court need not consider Defendant's § 657-7.3 argument.  As noted in this Court's May 31, 2011 order, the § 657-7.3 statute of repose argument attacks this Court's subject matter jurisdiction over the instant case.  Subject matter jurisdiction cannot be waived, and therefore the lack of subject matter jurisdiction can be

raised at any time.  2011 WL 2160492, at *3 (citing Embassy of the Arab Republic of Egypt v. Lasheen, 603 F.3d 1166, 1171 n.3 (9th Cir. 2010) (citing Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 18 n.17, 71 S. Ct. 534, 95 L. Ed. 702 (1951))).  The Court, however, emphasizes that the mere fact that the Court has considered the merits of Defendant's argument attacking the existence of subject matter jurisdiction does not constitute a finding that the purported statute of repose in § 657-7.3 is jurisdictional.  The Court also emphasizes that, while subject matter jurisdiction cannot be waived, Defendant did itself, and Plaintiffs, a great disservice by failing to raise this argument in a timely manner.  Defendant could have, and should have, raised the argument far earlier in this litigation.

Plaintiffs next argue that the Court need not consider whether § 657-7.3 is a statute of repose because it does not apply to Defendant in this case.  Plaintiffs argue that § 657-7.3 only applies to actions against certain health care providers "duly licensed or registered under the laws of the State, or a licensed hospital as the employer of any such person", and Defendant is neither a health care provider nor a hospital. Under the FTCA, the United States is generally liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]"  28 U.S.C. § 2674. Plaintiffs argue that Defendant "is in 'like circumstances' with

a private employer" other than a hospital and therefore § 657-7.3 does not apply.  [Pltfs.' Suppl. Mem. at 13 (citation omitted).]

Plaintiffs' argument is misplaced.  Defendant faced potential liability in this case based on the actions and omissions of physicians, who themselves are immune from suit, in the scope of their employment at TAMC.  See 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).[4]  Thus, Defendant stands in the place of the TAMC physicians who treated Mrs. Mamea, and is in "like circumstances" to Hawai`i physicians in analogous circumstances, even if the TAMC physicians were not licensed in the State of Hawai`i.  See Xue Lu v. Powell, 621 F.3d 944, 947-48 (9th Cir.

─────────────

[4] Section 1346(b)(1) states, in pertinent part:
    the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Section 2679(b)(1) states, in pertinent part:
    The remedy against the United States provided by section[] 1346(b) . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

2010) ("'Like circumstances' are not 'identical circumstances.' . . . Analogy not identity of circumstance is key."); <u>Taylor v. United States</u>, 821 F.2d 1428, 1431-32 (9th Cir. 1987) (holding that a California statute limiting non-economic damages, which applied to persons licensed or certified under California law, also applied to the United States even though the army hospital and its staff were not licensed by the State of California). This Court therefore rejects Plaintiffs' argument that § 657-7.3 does not apply to Defendant in the instant case. The Court now turns to the merits of Defendant's § 657-7.3 statute of repose argument.

## II.  <u>Statute of Repose or Statute of Limitations</u>

The parties agree that, to the extent § 657-7.3 requires that plaintiffs bring medical tort claims against the specified defendants within "two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury," it is a statute of limitations and it is preempted by the FTCA's statute of limitations. Under the FTCA, a plaintiff must bring a claim against the United States "in writing to the appropriate Federal agency **within two years after such claim accrues** or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added). A claim

"accrues" when the plaintiff knows, or has reason to know, of both the existence and the cause of his or her injury.  See United States v. Kubrick, 444 U.S. 111, 119-22 (1979); Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008).  Defendant, however, argues that the six-year limitation period in § 657-7.3 is not a statute of limitations, but a statute of repose, and, because the FTCA does not have a statute of repose, the § 657-7.3 statute of repose still applies and it extinguishes medical tort actions that are not brought within six years after the act or omission that allegedly caused the injury.

In FTCA actions, federal courts apply the substantive law of the state where the act or omission which allegedly caused the injury occurred.  See 28 U.S.C. §§ 1346(b)(1), 2674.  The Ninth Circuit has recognized that:

> Statutes of limitations and repose are distinct legal concepts with distinct effects.  "A statute of limitations requires a lawsuit to be filed within a specified period of time after a legal right has been violated. . . .  On the other hand, statutes of repose are designed to bar actions after a specified period of time has run from the occurrence of some event other than the injury which gave rise to the claim."  Raithaus v. Saab-Scandia of America, Inc., 784 P.2d 1158, 1160 (Utah 1989).  Statutes of limitations
>> preclude[ ] the plaintiff from proceeding, . . . the right (moral or legal) goes on, but the plaintiff simply cannot go to court in order to enforce it. . . .  **A statute of repose, however, has a more substantive effect** because it can bar a suit even before the cause of action could have accrued, or, for that matter, retroactively after the cause of action has accrued.  In proper

16

> circumstances, it can be said to destroy the
> right itself.  It is not concerned with the
> plaintiff's diligence; it is concerned with
> the defendant's peace.
> Underwood Cotton Co., Inc. v. Hyundai, 288 F.3d
> 405, 408-09 (9th Cir. 2002) (internal citations
> omitted) (referring to the distinctions between
> the two types of statute as "arcane").

McDonald v. Sun Oil Co., 548 F.3d 774, 779-80 (9th Cir. 2008)

(alterations in McDonald) (emphasis added); see also Fields v.

Legacy Health Sys., 413 F.3d 943, 952 n.8 (9th Cir. 2005) ("The

general weight of authority accepts the characterization of

statutes of repose as substantive provisions in a choice of law

context." (citing cases)).  Insofar as statutes of repose are

generally considered to be part of state substantive law, this

Court turns to Hawai`i law to determine whether the six-year

limitation period in § 657-7.3 is a statute of repose.

No Hawai`i appellate court opinion has expressly

characterized the six-year limitation period in § 657-7.3 as a

statute of repose, nor has any case in this district court

applying Hawai`i law.  The Court therefore looks to other Hawai`i

cases discussing statutes of repose to determine whether the six-

year limitation period in § 657-7.3 meets the description of a

statute of repose.  In recognizing that Haw. Rev. Stat. § 657-5

is a statute of repose, the Hawai`i Supreme Court stated § 657-5

"compels the exercise of a right within the statutorily defined

period of time."  Int'l Sav. & Loan Ass'n v. Wiig, 82 Hawai`i

197, 199, 921 P.2d 117, 119 (1996) (citing Cochran v. Pflueger

17

Automobiles, Inc., 72 Haw. 460, 464, 821 P.2d 934, 936 (1991)

("the primary purpose of a statute of limitation is to compel the

exercise of a right of action within a reasonable time."); 51 Am.

Jur. 2d Limitations of Actions §§ 16 and 17 (1985)).  The Hawai`i

Supreme Court also discussed the distinction between statutes of

limitations and statutes of repose in the context of the

"discovery rule".

> In Yoshizaki v. Hilo Hospital, 50 Haw. 150,
> 433 P.2d 220 (1967), a medical malpractice case,
> this court adopted what has become known as the
> "discovery rule," which states that, under the
> statute of limitations currently codified in HRS §
> 657-7, a cause of action does not "accrue," and
> the limitations period therefore does not begin to
> run, until the plaintiff knew or should have known
> of the defendant's negligence.  The Yoshizaki
> court noted:
>> The basic policy underlying statutes of
>> limitation is to require prompt assertion of
>> claims.
>>> They [statutes of limitation] are
>>> founded upon the general experience of
>>> mankind that claims, which are valid,
>>> are not usually allowed to remain
>>> neglected.  The lapse of years without
>>> any attempt to enforce a demand creates,
>>> therefore, a presumption against its
>>> original validity, or that it has ceased
>>> to subsist.  **This presumption is made by
>>> these statutes a positive bar; and they
>>> thus become statutes of repose**,
>>> protecting parties from the prosecution
>>> of stale claims, when, by loss of
>>> evidence from death of some witnesses,
>>> and the imperfect recollection of
>>> others, or the destruction of documents,
>>> it might be impossible to establish the
>>> truth.  Riddlesbarger v. Hartford Ins.
>>> Co., 74 U.S. (7 Wall.) 386, 390, 19 L.
>>> Ed. 257 (1868).
>> But by the same token, the plaintiff in this

case asserts another important policy, that
favoring adjudication of claims on the merits
and ensuring that a party with a valid claim
will be given an opportunity to present it.
. . . .
            We conclude that the statute does not
begin to run until the plaintiff knew or
should have known of the defendant's
negligence.  This conclusion is consistent
with the legislative prescription to avoid
constructions which would lead to absurd
results.  The injustice of barring the
plaintiff's action before [he or] she could
reasonably have been aware that [he or] she
had a claim is patent.  A basic reason
underlying statutes of limitation is
nonexistent; the plaintiff has not delayed
voluntarily in asserting [his or] her claim.
We realize that added burdens are placed on
defendants by forcing them to defend claims
with evidence that may be stale.  We should
not overlook the fact that the plaintiff must
produce evidence sufficient to establish a
prima facie case before the defendant is
obliged to produce any evidence . . . .
            We conclude that the conflicting
policies are best reconciled by permitting
the plaintiff the opportunity to prove that
[he or] she neither knew nor could reasonably
have been expected to know of the defendant's
alleged negligence until the date alleged in
[his or] her complaint.

     Id. at 154-55, 433 P.2d at 223-24 (footnote
omitted).

Hays v. City & Cnty. of Honolulu, 81 Hawai`i 391, 393, 917 P.2d

718, 720 (1996) (alterations in Hays).  Thus, under Hawai`i law,

as under federal law, the primary characteristic of a statute of

repose is that it sets an outer time limit that is an absolute

bar to a claim, regardless of whether the claim has accrued.

Accord Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 537 (9th

Cir. 2011) ("[T]he purpose of a statute of repose is to demarcate

a period in which a plaintiff must place a defendant on notice of his or her injury, regardless of whether the plaintiff himself is aware that he has suffered an injury." (alteration in original) (citation and block quote format omitted)).

The Hawai`i Supreme Court discussed § 657-7.3 in Yamaguchi v. Queen's Medical Center, 65 Haw. 84, 648 P.2d 689 (1982). Although Yamaguchi does not use the term "statute of repose", it does state that § 657-7.3

> impose[s] a six-year outer limitation on all suits
> computed from the date of the alleged act or
> omission regardless of whether the injury caused
> thereby had or should have been discovered by that
> time, which period would be tolled only by the
> defendant's withholding of information of alleged
> negligent conduct known or which should have been
> known to him.

65 Haw. at 89, 648 P.2d at 692-93. Yamaguchi also states that § 657-7.3 "extinguishes a right of action six years after the date of the injurious act regardless of whether the right of action has accrued." Id. at 92 n.11, 648 P.2d at 694 n.11. The supreme court's discussion of the six-year limitation period in § 657-7.3 indicates that it is a statute of repose.

Plaintiffs, however, argue that the six-year limitation period in § 657-7.3 cannot be a statute of repose because § 657-7.3 contains a tolling provision, and statutes of repose are not subject to tolling. Section 657-7.3 states, in pertinent part: "This six-year time limitation shall be tolled for any period during which the person has failed to disclose any act, error, or

omission upon which the action is based and which is known to the person." It also contains additional tolling provisions, inapplicable to the instant case, regarding actions based upon alleged wrongful acts against minors. It is true that the two statutes of repose that the Hawai`i Supreme Court has recognized do not contain a tolling provision. See Haw. Rev. Stat. §§ 657-5 (recognized as a statute of repose in Wiiq, 82 Hawai`i at 199, 921 P.2d at 119), 657-8 (recognized as a statute of repose in Ass'n of Apartment Owners of Newtown Meadows ex rel. Board of Directors v. Venture 15, Inc., 115 Hawai`i 232, 283 & n.42, 167 P.3d 225, 276 & n.42 (2007)).[5] Although this Court did not find

---

[5] Section 657-5 addresses domestic judgments and decrees. It states:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered. A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree. No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

Section 657-8 addresses damages actions based on construction to improve real property. Subsection (a) states:

> No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of any deficiency
>                                                 (continued...)

21

an express statement of the principle in Hawai`i case law, "it is generally accepted that [s]tatutes of repose are not subject to equitable tolling[.]"  Albano, 634 F.3d at 535 (some alterations in original) (citation and internal quotation marks omitted).  "'Equitable tolling' is defined as '[t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired.'"  Narmore v. Kawafuchi, 112 Hawai`i 69, 75 n.15, 143 P.3d 1271, 1277 n.15 (2006) (quoting Black's Law Dictionary 579 (8th ed. 2004)), superceded by statute on other grounds as stated in, Aregger v. State, Dep't of Taxation, 124 Hawai`i 325, 328, 243 P.3d 285, 288 (Ct. App. 2010).  The tolling provisions applicable to the six-year limitation period in § 657-7.3 are statutorily imposed and are not equitable doctrines.  Thus, they would not prevent this Court from finding that the six-year limitation period is a statute of repose.

Although this Court could reasonably conclude that the six-year limitation period in § 657-7.3 is a statute of repose

_____

[5](...continued)
or neglect in the planning, design, construction, supervision and administering of construction, and observation of construction relating to an improvement to real property shall be commenced more than two years after the cause of action has accrued, but in any event not more than ten years after the date of completion of the improvement.

based on the Hawai`i Supreme Court's description in <u>Yamaguchi</u>,

this Court ultimately need not reach a decision on this issue.

Whether the six-year limitation period in § 657-7.3 is a statute

of repose or a statute of limitations is a distinction without a

difference because 28 U.S.C. § 2401(b) preempts state statutes of

repose as well as state statutes of limitations.

## III.  <u>Preemption</u>

The United States Supreme Court has stated that, in

considering FTCA statute of limitations issues:

> We should also have in mind that the [FTCA]
> waives the immunity of the United States and that
> in construing the statute of limitations, which is
> a condition of that waiver, we should not take it
> upon ourselves to extend the waiver beyond that
> which Congress intended.  <u>See</u> <u>Soriano v. United</u>
> <u>States</u>, 352 U.S. 270, 276, 77 S. Ct. 269, 273, 1
> L. Ed. 2d 306 (1957); <u>cf.</u> <u>Indian Towing Co. v.</u>
> <u>United States</u>, 350 U.S. 61, 68-69, 76 S. Ct. 122,
> 126, 100 L. Ed. 48 (1955).  Neither, however,
> should we assume the authority to narrow the
> waiver that Congress intended.  <u>Indian Towing Co.</u>
> <u>v. United States</u>, <u>supra</u>.

<u>United States v. Kubrick</u>, 444 U.S. 111, 117-18 (1979).  Although

the United States is generally liable under the FTCA for tort

claims "in the same manner and to the same extent as a private

individual under like circumstances," 28 U.S.C. § 2674, the rule

is not absolute.  "In enacting a federal statute of limitations,

Congress decided to allow suits against the United States that

might be barred against a private defendant by a shorter state

limitations period, and to cut off suits that might be allowed

23

against a private defendant by a longer state limitations period." <u>Poindexter v. United States</u>, 647 F.2d 34, 36 (9th Cir. 1981).

A statute of repose extinguishes a claim after a certain period of time, even if the claim has not yet accrued. Insofar as Congress expressly defined the statute of limitations for the FTCA in terms of accrual, applying state statutes of repose can effectively shorten the FTCA limitations period. By defining the statute of limitations as two years after accrual, Congress chose to allow suits against the United States that might be barred in states with shorter limitations periods, whether by statute of limitation or statute of repose. This Court will not presume to narrow the scope of Congress' waiver of the United States' sovereign immunity by applying § 657-7.3's six-year limitation period to shorten the time within which an injured party may bring an FTCA medical negligence claim against the United States.

Assuming the six-year limitation period in § 657-7.3 is a statutes of repose, Defendant argues that it applies to FTCA actions because the FTCA does not have a statute of repose. Even though Congress chose not to preempt state statutes of repose by including an express statute of repose in § 2401(b), this does not necessarily mean that state statutes of repose are applicable to FTCA actions. State statutes must yield to federal law, even

24

without explicit preemption, in at least two circumstances, one of which is "'[w]hen Congress intends federal law to occupy the field[.]'" <u>United States v. Arizona</u>, 641 F.3d 339, 345 (9th Cir. 2011) (some citations and quotation marks omitted) (quoting <u>Crosby v. Nat'l Foreign Trade Council</u>, 530 U.S. 363, 372 (2000)). In this Court's view, Congress' decision to define the FTCA's statute of limitations in terms of accrual is a clear indication that it intended to occupy the field of both statutes of limitations and statutes of repose, which would bar claims without regard to accrual, as they apply to tort claims against the United States based on acts and omissions by its employees acting in the course of their official duties.

As further evidence that Congress intended to occupy the field of state statutes of repose, the Court notes that both the preempted statute of limitations and the purported statute of repose in Haw. Rev. Stat. § 657-7.3 require that the "**action** for injury or death" against the medical care provider or hospital be brought within a specified time. (Emphasis added.) In contrast, the FTCA's statute of limitations requires, *inter alia*, that the "tort **claim** against the United States shall be forever barred unless it is presented in writing **to the appropriate Federal agency** within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b) (emphases added). Applying state statutes of repose, which do not take into account the filing of the required

FTCA administrative claim, could bar claims that Congress has deemed timely.  The Ninth Circuit has acknowledged a similar problem, albeit in the context of preemption of a state statute of limitations:

> We would create even greater procedural anomalies in Federal Tort Claims actions if we held that Ariz. Rev. Stat. § 23-1023 B applies insofar as it operates as a statute of limitations.  Section 23-1023 B requires the injured worker to file an "action" within one year.  A claimant may not immediately bring a court action against the United States under the FTCA.  He or she must first file an administrative claim with the appropriate agency, and may not file an action until the agency has denied the claim or has not acted on it within six months. 28 U.S.C. §§ 2401(b), 2675(a).

Poindexter, 647 F.2d at 37.  The Ninth Circuit therefore held that Ariz. Rev. Stat. § 23-1023 B was preempted by § 2401(b). Id.  The potential conflict between the time requirement for the filing of a civil action pursuant to the purported § 657-7.3 statute of repose and the time requirement for the filing of an administrative claim pursuant to § 2401(b) indicates that Congress intended § 2401(b) to occupy the field of both statutes of limitations and statutes of repose.

The Court also notes that, if it accepted Defendant's argument that the purported § 657-7.3 statute of repose deprives the federal courts of subject matter jurisdiction over FTCA claims, this would allow each state to define the federal courts' subject matter jurisdiction by adopting statutes of repose.

26

Those statutes would divest the federal courts of jurisdiction
over some claims that Congress has authorized under the FTCA.
The Ninth Circuit has

> rejected the argument that exclusivity provisions
> in state workers' compensation laws, like those in
> California's Workers' Compensation Act, could
> divest federal courts of subject matter
> jurisdiction:
>> [S]tate law may not control or limit the
>> diversity jurisdiction of the federal courts.
>> The district court's diversity jurisdiction
>> is a creature of federal law under Article
>> III and 28 U.S.C. § 1332(a).  Pursuant to the
>> supremacy clause, section 1332(a) preempts
>> any contrary state law.
> [Beqay v. Kerr-McGee Corp.,] 682 F.2d [1311,] 1315
> [(9th Cir. 1982)].  Here, as in Beqay, "[t]he
> question is whether the . . . complaint stated a
> claim for relief under [state] law pursuant to
> [Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.
> Ct. 817, 82 L. Ed. 1188 (1938)], rather than
> whether the district court lacked subject matter
> jurisdiction." Id.  Thus, even if we were to hold
> that the exclusivity provisions applied, they
> would not operate to divest the federal court of
> subject matter jurisdiction.

U.S. Fid. & Guar. Co. v. Lee Invs. LLC, 641 F.3d 1126, 1133 (9th
Cir. 2011) (some alterations in Lee Invs.) (footnote omitted).

      Similarly, state statutes of repose should not control
or limit the subject matter jurisdiction of the federal courts
over FTCA claims.  Even if § 657-7.3 contains a statute or repose
and a federal court considering a FTCA claim based on actions
occurring in Hawai`i must apply it as part of the substantive
"law of the place", that application is a separate and distinct
issue from the question whether the federal court has subject

matter jurisdiction over the claim.  See id. at 1132-33 n.5

("This jurisdictional allegation is distinct from the Employer's

claim that exclusivity provisions in California law required the

district court, in the proper exercise of diversity jurisdiction,

to dismiss the action so that it could be decided by the State

Board.").  The issue of § 657-7.3's six-year limitation period is

before this Court only insofar as Defendant argues it deprives

this Court of subject matter jurisdiction over this case.[6]

        Finally, the Court notes that the Ninth Circuit has

recognized that the FTCA's statute of limitations preempts any

"state period of limitations".  Poindexter, 647 F.2d at 36

(citing Kossick v. United States, 330 F.2d 933 (2d Cir. 1964);

United States v. Westfall, 197 F.2d 765 (9th Cir. 1952); Young v.

United States, 184 F.2d 587 (D.C. Cir. 1950); Maryland ex rel.

Burkhardt v. United States, 165 F.2d 869 (4th Cir. 1947)).

Whether the six-year limitation period in § 657-7.3 is called a

_____

        [6] To the extent that the six-year limitation period in §
657-7.3 presents a non-jurisdictional defense, it is an
affirmative defense that Defendant waived or forfeited by failing
to raise in a timely manner.  See In re Cellular 101, Inc., 539
F.3d 1150, 1155 n.2 (9th Cir. 2008) ("Although, consistent with
our prior decisions, we use the term waiver here to describe the
loss of an affirmative defense through the failure to raise it in
a timely manner, a more accurate term may be forfeiture." (citing
United States v. Olano, 507 U.S. 725, 731, 113 S. Ct. 1770, 123
L. Ed. 2d 508 (1993) (holding that "a constitutional right, or a
right of any other sort, may be forfeited in criminal as well as
civil cases by the failure to make timely assertion of the right
before a tribunal having jurisdiction to determine it") (internal
quotations and citations omitted))).

statute of repose, a statute of limitations, or something else, it is clearly a "state period of limitations".  See Haw. Rev. Stat. § 657-7.3 (referring to "[t]his six-year time limitation").

The Court acknowledges that Poindexter did not address statutes of repose, but at least one other district court within the Ninth Circuit has recently applied Poindexter and ruled that § 2401(b) preempts state statutes of repose.  See Abila v. United States, No. 2:09-CV-01345-KJD-LRL, 2011 WL 3444166, at *4-5 (D. Nev. Aug. 8, 2011).[7]  The court in Abila stated that it was aware of only two district court cases where the parties raised the issue whether § 2401(b) preempted state statutes of repose, and both of those cases concluded that preemption applied.  Id. at *4 (citing Zander v. United States, 2011 WL 345884 (D. Md. 2011);[8]

---

[7] The Court acknowledges that Abila is factually distinguishable from the instant case because, in Abila, the plaintiff filed her administrative claim within the statute of repose period but did not file her civil action until after the expiration of the statute of repose.  2011 WL 3444166, at *1, *3. In contrast, Plaintiffs did not file either their administrative claim or their civil action prior to the expiration of § 657-7.3's six-year limitation period.  The legal analysis of the preemption of state statutes of repose, however, is applicable to the instant case.

[8] The court in Abila recognized that another decision from the District of Maryland applied Maryland's statute of repose and reached a different conclusion from Zander.  2011 WL 3444166, at *4 n.1 (citing Anderson v. United States, 2010 WL 1346409 (D. Md. 2010)).  The Court in Abila pointed out that "[t]he Zander court explained its opposite holding by noting that the Anderson court was not presented with the question of whether the statute of limitations in the FTCA preempted Maryland's statute of repose." Id.

29

<u>Jones v. United States</u>, 2011 WL 1565734, at *9 (M.D. Tenn.

2011)).[9]  The court in <u>Abila</u>, noting that <u>Zander</u> and <u>Jones</u> were

consistent with <u>Poindexter</u>, rejected some of the same arguments

that Defendant presents in the instant case.  <u>Id.</u> at *4-5.

> Although <u>Poindexter</u> dealt with preemption of
> Arizona's statute of limitations, the Ninth
> Circuit expressly noted that "a court must look to
> state law for the purpose of defining the
> actionable wrong for which the United States shall
> be liable, but to federal law for *the limitations*

---

[9] The Court notes that another district judge from the
Middle District of Tennessee disagreed with <u>Jones</u> and ruled that
Tennessee's statute of repose extinguished the FTCA medical
malpractice claim.  <u>Huddleston v. United States</u>, No. 3-11-0223,
2011 WL 2489995, at *2-3 (M.D. Tenn. June 22, 2011).  As with
<u>Zander</u> and <u>Anderson</u>, <u>Jones</u> squarely addressed the preemption
issue, while <u>Huddleston</u> did not.  Further, the Court notes that
the court in <u>Huddleston</u> did not base its ruling on jurisdictional
grounds and ultimately concluded that the FTCA medical
malpractice claim and the derivative loss of consortium claim
were "not actionable and should be dismissed." <u>Id.</u> at *3.  As
this Court has previously noted, how a statute of repose applies
to a FTCA claim as part of a the substantive law of the place is
a separate issue from whether the statute of repose can define
the federal courts' subject matter jurisdiction over FTCA claims.
The court in <u>Huddleston</u> attempted to distinguish <u>Jones</u> by
stating, *inter alia*, that the court in <u>Jones</u> did not have the
benefit of <u>Smith v. United States</u>, No. 10-41085, 2011 WL 1533432
(5th Cir. Apr. 22, 2011) (per curiam).  <u>Huddleston</u>, 2011 WL
2489995, at *2.  <u>Smith</u>, however, also applied the statute of
repose as part of "the substantive law of the state in which the
alleged conduct occurred."  2011 WL 1533432, at *1 (some
citations omitted) (citing 28 U.S.C. § 1346(b)(1)).  It did not
address preemption or subject matter jurisdiction.  In addition,
on August 15, 2011, after the filing of the <u>Huddleston</u> order, the
court in <u>Jones</u> issued an order denying the government's motion
for reconsideration in light of the Fifth Circuit's decision in
<u>Smith</u>.  <u>Jones</u>, 2011 WL 1565734, at *9-10.
   As this Court has previously emphasized, the issue of § 657-
7.3's six-year limitation period is only before this Court in the
instant Motion to the extent that Defendant argues it deprives
this Court of subject matter jurisdiction.

*of time within which the action must be brought."*
Poindexter v. U.S., 647 F.2d at 36. (emphasis
added).  While a statute of repose may be
different than a statute of limitations, it
certainly is a "limitation of time within which an
action must be brought."  Indeed, the Nevada
statute itself uses the term "time limitation" to
describe the three-year period for purposes of
tolling.  N.R.S. 41A.097(3).

     The Government argues that, since suit
against a private party would be barred by the
statute, failure to apply the Nevada statute
prevents the government from being held liable "in
the same manner and to the same extent as a
private individual under like circumstances," as
required by 28 U.S.C. § 2674.  This contention was
raised by the Government in Poindexter and the
court found the argument "unpersuasive" and noted
that "[i]n enacting a federal statute of
limitations, Congress decided to allow suits
against the United States that might be barred
against a private defendant by a shorter state
limitations period, and to cut off suits that
might be allowed against a private defendant by a
longer state limitations period."  Id. at 37.
Here, the same reasoning applies.

     Finally, the Government makes much of the
distinction between the supposedly substantive
nature of statutes of repose and the supposedly
procedural nature of statutes of limitations.
According to the Government, "[t]he FTCA is based
on well-established Erie principles wherein state
substantive law is adopted to federal procedure."
(# 40 at 9-10.)  Nevada courts have not
specifically held that N.R.S. 41A.097(2) is a
statute of repose or that it creates a substantive
right.  But even if it had, the Supreme Court has
noted that state court determinations of those
distinctions are "immaterial" to federal courts
and stated "[p]lainly enough, a statute that would
completely bar recovery in a suit if brought in a
[s]tate court bears on a [s]tate created right
vitally and not merely formally or negligibly."
Guaranty Trust Co. of N.Y. v. York, 326 U.S. 99
(1945) (holding that a state statute of
limitations is substantive state law in diversity
actions under the Eire (sic) doctrine).  Even
though a statute of limitations is substantive law

31

> under <u>Eire</u> (sic) principles, the Court in
> <u>Poindexter</u> held that Congress's intent was to
> allow FTCA suits otherwise barred by Arizona's
> statue of limitations.  The Government's argument
> that the three-year limitation in N.R.S.
> 41A.097(2) bars this claim because it is
> substantive law is therefore unavailing.

<u>Id.</u> (alterations in <u>Abila</u>).  The Court finds the reasoning in
<u>Abila</u> to be persuasive, and it supports this Court's analysis of
the portion of § 657-7.3 that Defendant contends is a statute of
repose.

    For all of the foregoing reasons, this Court CONCLUDES
that, for jurisdictional purposes, the six-year limitation period
in Haw. Rev. Stat. § 657-7.3 is preempted by the FTCA's statute
of limitations in 28 U.S.C. § 2401(b).  The Court emphasizes that
it would conclude that § 657-7.3's six-year limitation period is
preempted regardless of whether the six-year limitation period is
or is not a statute of repose.  Thus, even if Mrs. Mamea failed
to file her civil action within six years after the acts and
omissions causing her injury occurred, this did not deprive the
Court of subject matter jurisdiction over the instant case.
Defendant's Motion is therefore DENIED.

    Plaintiffs have argued that, even if the six-year
limitation period in § 657-7.3 is a statute of repose and it is
not preempted, it would not bar their recovery because the
tolling provision applies.  In light of this Court's ruling on
the preemption issue, the Court need not reach this argument.

This Court therefore makes no findings or conclusions on how it would apply the § 657-7.3 six-year limitation period to the instant Motion.  The Court, however, believes that the parties would both acknowledge the possibility that the tenor and course of this entire litigation might have been very different if Defendant had raised the § 657-7.3 argument before trial commenced.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Defendant's Motion for Reconsideration for Lack of Subject Matter Jurisdiction, filed March 24, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 16, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FELISE MAMEA, ET AL. V. UNITED STATES OF AMERICA; CIVIL NO. 08-00563 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION FOR LACK OF SUBJECT MATTER JURISDICTION**